Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50220 | **DATE** | 1/22/2002 |
| **CASE TITLE** | UNIVERSAL vs. NORTHWESTERN STEEL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the reverse Memorandum Opinion and Order, the order of the bankruptcy court is reversed.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | JAN 2 2 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 8 |
| X | Mail AO 450 form. | | | |
| X | Copy to judge/magistrate judge. | 02 JAN 22 PM 3:25 | 1-22-02 date mailed notice | |
| SW | courtroom deputy's initials | FILED-WD Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

This is an appeal from a bankruptcy court order finding certain actions of appellant, Universal Am-Can, Ltd. ("Universal"), violated the automatic stay of 11 U.S.C. § 362(a)(6). Jurisdiction is proper under 28 U.S.C. § 158(a). The debtor, Northwestern Steel & Wire Co., sought a rule to show cause why Universal should not be held in contempt for violating the automatic stay. The asserted violation was Universal's attempt to collect certain shipping charges from debtor's customers. Universal, a carrier, had transported debtor's products to customers under bills of lading provided by the debtor. The customers were consignees under the bills of lading. When debtor filed bankruptcy, Universal contacted the consignees seeking payment of the shipping charges. Universal maintains the consignees are liable for the shipping charges along with the debtor. Debtor asserts that it alone is liable for the shipping charges, that it included shipping charges in its invoices for product charges to the consignees, and that Universal's attempt to collect, from debtor's customers, a debt owed only by debtor violates the automatic stay. The order appealed from held the automatic stay of 11 U.S.C. § 362(a)(6) prevented Universal "from collecting or attempting to collect from non-debtor consignees those amounts which presently are owed to Universal for shipping goods produced and/or sold by [debtor]. . . ." The bankruptcy court, however, did not enter a rule to show cause.

The application of the automatic stay of Section 362 is a question of law, see Nat'l Labor Relations Bd. v. P*I*E Nationwide, Inc., 923 F. 2d 506, 512 (7th Cir. 1991), which is reviewed de novo. Section 362(a)(6) provides a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of [the bankruptcy case]." 11 U.S.C. § 362(a)(6). This stay affords protection to the debtor only and does not extend to third parties. Fox Valley Constr. Workers Fringe Benefit Fund v. Pride of the Fox Masonry & Expert Restorations, 140 F.3d 661, 665 (7th Cir. 1998); Pitts v. Unarco Indus., Inc., 698 F.2d 313, 314 (7th Cir. 1983), cert. denied, 464 U.S. 1003 (1983).

The record discloses Universal sought to collect from non-debtor-third parties by way of a letter asserting consignee liability for freight charges based on acceptance of delivery by the consignee. Reply of Debtor, R. 162, Ex. A. Consignees may be liable for freight charges based on acceptance of delivery even where the initial liability for the charges rests with the consignor. See C.F. Arrowhead Serv., Inc. v. AMCEC Corp., 614 F. Supp. 1384, 1386-87 (N. D. Ill. 1985). Universal, therefore, had a claim against the consignees based on acceptance of delivery which was independent of its claim against the debtor under the bill of lading. Such an independent claim against a third party is not stayed by Section 362(a)(6). See In re Alcom America Corp., 154 B.R. 97, 114 (Bankr. D.C. 1993)( case history omitted). Universal's action was not an attempt to assert a "right to payment" against debtor, 11 U.S.C. §101(5), or debtor's property, 11 U.S.C. § 102(2), but an assertion of an independent claim against the consignees. As such it is not an act to recover a claim against the debtor and is not prohibited by Section 362(a)(6).

The bankruptcy court, applying the estoppel defense to consignee liability, see Consol. Freightways Corp. v. Admiral Corp., 442 F.2d 56, 58 (7th Cir. 1971), found the debtor solely liable to Universal for the freight charges. Tr. p.7-8. The estoppel defense is based on avoiding having the consignee be subject to double payment ( once in paying the consignor's invoice and later in an action by the carrier). See Southern Pac. Transp. Co. v. Commercial Metals, 456 U.S. 336, 351 (1982). On this record, it is not possible to determine whether consignees paid debtor at all. The evidence debtor presented was an affidavit of one of its employees stating his belief that the consignees who received demands from Universal would cease doing business with debtor if forced to pay the freight charges, that "it is possible" the consignees have already declined to make new purchases due to "perceived uncertainty in doing business with [debtor]" and other customers and potential customers "might be hesitant . . ." to deal with debtor "if they perceive they will possibly be subject to double-payment of freight charges." R. 149A. Nothing in this affidavit can be reasonably construed to assert that the consignees have paid the debtor. A bankruptcy court's findings of fact, even on documentary evidence, are only overturned if clearly erroneous. Fed. R. Bankr. P. 8013. Here, the bankruptcy court found that the consignees had paid "the freight charges to the consignor". Tr. p.7. This conclusion is not supported by the evidence in the record.

Debtor contends, citing AMEC, supra, that actual payment to the consignor is not required. However, the issue there was whether it made a difference if payment was made before or after delivery not whether it was made at all. Id., at 1388. In In re Brilliant Glass, Inc., 99 B.R. 16 (Bankr. C.D. Cal. 1988), the bankruptcy court found a stay violation where a carrier sought to collect freight charges from consignees. Brilliant Glass is distinguishable in that the court found the carrier knew the consignees had already paid the debtor and was trying to compel the debtor to pay by pressuring its customers. Id., at 16-17. No such evidence exists in the record here.

Because the automatic stay of 11 U.S.C. § 362(a)(6) does not prohibit collection efforts against a non-debtor on an independent claim, the order of the bankruptcy court is reversed.

# United States District Court
## Northern District of Illinois
### Western Division

**DOCKETED**
**JAN 2 2 2002**

Universal Am-Can, Ltd.

v.

Northwestern Steel and Wire Company

**JUDGMENT IN A CIVIL CASE**

Case Number: 01 C 50220

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the order of the bankruptcy court is reversed.

Michael W. Dobbins, Clerk of Court

Date: 1/22/2002

Susan M. Wessman, Deputy Clerk